Case:08-41197-LWD   Doc#:75   Filed:07/21/09   Entered:07/21/09 16:45:38   Page:1 of 10

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 4:42 pm, Jul 21, 2009

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| GLOBAL ONE, L.L.C. | ) | |
| | ) | Number 08-41197 |
| *Debtor* | ) | |
| | ) | |
| SUNTRUST BANK | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBAL ONE, L.L.C. | ) | |
| | ) | |
| *Respondent* | ) | |

### MEMORANDUM AND ORDER
### ON MOTION FOR RELIEF FROM STAY

### FINDINGS OF FACT

Debtor filed a Chapter 7 case on July 7, 2008. In its schedules and statement of financial affairs, Debtor reported it owned approximately 102 acres on Noel C. Conway Road, Effingham County, Georgia (the "Property"), a checking account at SunTrust Bank, and a counterclaim against Portrait Homes-South Carolina LLC ("Portrait Homes") in the Superior Court of Chatham County, Georgia, Case No. 07-0603-BR. *See* Schedules, Dckt.No. 8, pgs. 3-4, 6 & 11 (July 22, 2008); Answer and Counterclaim, Dckt.No. 71,

Exhibit (June 16, 2009); Statement of Financial Affairs, Dckt.No. 8, pg. 15. Debtor described the nature of its business as a "single asset LLC to develop property," admitted it is receiving no income from the operation of the business, and also identified its business as a "single asset real estate" business as defined in 11 U.S.C. § 101. Statement of Financial Affairs, Dckt.No. 8, pgs. 14 & 19. SunTrust Bank ("SunTrust") holds a first mortgage on the Property in the amount of $ 548,159.21, and Nancy Dickinson holds a second mortgage on the Property in the amount of $ 237,653.00. *See* Claim Nos. 2 & 4.

On March 19, 2009, SunTrust filed a Motion for Relief from the Automatic Stay. SunTrust asks for relief under 11 U.S.C. § 362(d)(1) arguing that it is not adequately protected because as of December 1, 2008, the value of the real property is $460,000.00, far less than the secured claim. SunTrust also asks for relief under § 362(d)(3) arguing that the Property securing its claim is "single asset real estate" as defined under 11 U.S.C. § 101(51B) and that Debtor and the Chapter 7 Trustee have not initiated interest payments as required under (d)(3)(B). Motion, Dckt.No. 38. After a hearing on the Motion on May 22, 2009, SunTrust filed a brief in support of their Motion. Brief, Dckt.No. 70 (June 5, 2009).

At the hearing, SunTrust's only witness was Joel Crisler, an appraiser. Crisler stated that in his expert opinion the fair market value of the Property was $460,000.00, a value which is based upon a future value of $1,197,800.00 with a five year holding period at a discount rate of twenty percent. Debtor's first witness, Johnnie Ganem, who is also an appraiser but did not conduct an independent appraisal of the Property,

testified that in his opinion a three year holding period and a twelve percent discount rate were more appropriate valuation parameters. Adapting Crisler's appraisal with these changes, Ganem testified the value of the Property would yield a value of between $750,000.00 to $800,000.00. Debtor's second witness, Derek Pommerenck, a principal of Debtor, testified in his opinion the property was worth $1,200,000.00. This opinion is based on a previous sales contract with Portrait Homes in January 18, 2006, a contract which is the subject of the above litigation with Portrait Homes.[1]

On June 16, 2009, Debtor filed a brief in opposition of the Motion. Debtor argues (1) that SunTrust failed to satisfy its burden of establishing that there is no equity in the property; and that (2) this case is not a "single asset real estate" case because it possesses another asset: the counterclaim against Portrait Homes and § 362(d)(3) does not apply to cases under Chapter 7. Brief, Dckt.No. 71.

## CONCLUSIONS OF LAW

SunTrust's Motion for Relief based on § 362(d)(1) requires SunTrust to carry the burden of showing there is no equity in this property. See 11 U.S.C. § 362(g). After considering the expert testimony of appraisers for both parties, I conclude that SunTrust did not carry its burden as of the date of the hearing. SunTrust's expert established a value of $460,000.00 utilizing what he believed the value of the property would be in five

---

[1] The contract was for $1,183,055.00.

years and discounting it to present day value at twenty percent per year. Debtor's expert believed that a three year holding period with a discount rate in the range of twelve to thirteen percent was more appropriate and concluded to a value in the range of $750,000.00 to $800,000.00. I am unable to conclude what the proper discount rate would be after hearing the testimony of these two appraisers, but assuming a five year holding period at a lower discount rate of twelve percent, the value of the property today would exceed $600,000.00. Similarly, a shorter three year holding period at a twenty percent discount rate would yield a value of roughly $675,000.00. Without reaching a precise conclusion as to what the value of the property is, however, I am able to conclude, given a pre-petition SunTrust debt totaling approximately $550,000.00, that there remains some equity in this property.[2] As a result, the burden is not carried under § 362(d)(1), and I move on to the consideration of the Motion based on 11 U.S.C. § 362(d)(3).

Section 362(d)(3) provides

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
> . . .
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a) by a creditor whose claim is secured by an interest in such real estate, unless, not later

---

[2] That debt will increase by the amount of $3,574.50 per month from July 2008 forward to the extent of equity in the property, so as of the date of this Order the debt has increased by over $42,000.00 for a total of nearly $600,000.00.

than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later -

>(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

>(B) the debtor has commenced monthly payments that -

>>(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate...

>>(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; . . .

Debtor argues that § 362(d)(3) does not apply here "because this is not a single asset case and § 362(d)(3) does not apply to a Chapter 7 case." <u>Brief</u>, Dckt.No. 71, pg. 4.

**1. The property on which relief is sought is "single asset real estate."**

Section 101(51B) of the Bankruptcy Code provides

>The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and

> activities incidental.
>
> 11 U.S.C. § 101(51B).

SunTrust's motion requests that this Court determine that the Property securing its claim is "single asset real estate." Unless I so find, SunTrust can not rely on § 362(d)(3) but only § 362(d)(1) and (2), which would impose the burden of establishing that there is no equity in the property to obtain relief, a burden that SunTrust cannot meet as described above. *See* 11 U.S.C. § 362(g).

There is no doubt that the property meets the definition. It constitutes a single project and is not residential, Debtor is not a family farmer, and no business is being conducted on the property. *See* Statement of Financial Affairs, Dckt.No. 8, pgs. 14 & 19. Therefore, the Property qualifies as a "single asset real estate."

However, Debtor argues that (d)(3) does not apply because it has a counterclaim against Portrait Homes in Superior Court, which "is clearly not real property nor is it an attachment or appurtenance to the property." Brief, Dckt.No. 71, pg. 6. This fact does not change this Court's finding. The focus of the definition is not whether the case involves a "single asset" but rather whether the stay applies to "single asset real estate" held by a bankruptcy estate.

The § 101(51B) definition focuses upon whether

> "substantially all of the gross income of [the] debtor" was generated by the property, not on whether the chapter 7 estate has assets other than the property. As a company in a chapter 7 case, Debtor is not operating and generating no income at all. A recovery from litigation prosecuted by [Debtor] can hardly be considered income from the operation of the debtor's business for purposes of § 101(51B).
>
> In re Charterhouse Boise Downtown Properties, LLC., 2008 WL 4735264, at *2 (Bankr.D.Idaho Oct. 24, 2008).

In light of the foregoing, I hold that despite the fact that the bankruptcy case may involve more than a single asset, the Property is "single asset real estate" within the meaning of § 362(d)(3).

### 2. Section 362(d)(3) applies in Chapter 7 cases

Debtor alternatively argues that § 362(d)(3) can not apply to "single asset real estate" under Chapter 7. I disagree. "The starting point in any case involving the meaning of a statute [ ] is the language of the statute itself." Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 210, 99 S.Ct. 1067, 1073, 59 L.Ed.2d 261 (1979). "In construing a federal statute it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses its legislative purpose.'" Mills Music, Inc. v. Snyder, 469 U.S. 153, 164, 105 S.Ct. 638, 645, 83 L.E.2d 556 (1985)(*quoting* Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed. 2d 582 (1985)). "[F]or where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc.,

489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)(*quoting* Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

First, 11 U.S.C. § 103(a) states that "chapter [ ] . . . 3 . . . appl[ies] in a case under chapter 7, 11, 12 or 13 of this title." Second, the plain language of § 362(d)(3) does not limit its applicability to Chapter 11 cases. Third, § 362(d)(3)(B), which provides for lifting of the stay when a debtor has not made interest payments to the secured creditor within 90 days of the order for relief, can apply to cases under Chapter 7 as well as Chapter 11. Therefore, the plain language of the statute is conclusive that § 362(d)(3) applies to Chapter 7 cases. *See* Riggs Bank, N.A. v. Planet 10, L.C. (In re Planet 10, L.C.), 213 B.R. 478, 480 (Bankr.E.D.Va. 1997).

Despite this, Debtor asserts that applying this section to a Chapter 7 Trustee produces an absurd result. Specifically, it argues

> Consider cases where a Chapter 7 trustee holds real property worth millions of dollars with one secured debt of only $200,000 and no cash on hand. Is it not absurd to think that the court **must** grant relief if he does not file a Chapter 11 plan that has a reasonable possibility of being confirmed within a reasonable time or stats making monthly payments to the secured creditor?

Brief, Dckt.No. 71, pg. 8 (emphasis in original).

This Court may "look beyond the plain language of a statute if applying the

plain language would produce an absurd result." Lehman v. VisionSpan, Inc., 205 F.3d 1255 (11th Cir. 2000). However, applying § 362(d)(3) to Chapter 7 Trustees does not produce an absurd result. Under this section, it is not mandatory to grant unconditional relief from stay. Section 362(d) allows this Court to modify or condition the stay as alternatives to terminating or annulling it. If the Court faces a situation like Debtor describes, a court may condition the stay to allow a Chapter 7 Trustee time to try to sell property of the estate under 11 U.S.C. § 363(b). See In re Planet 10, L.C., 213 B.R. at 480.

Having concluded that there is, at the present time, some equity in this property, although slight equity, I hold that while it is mandatory that I grant stay relief under § 362(d)(3), it is not mandatory that I grant unconditional relief from stay. Instead, I am permitted under that section to condition or modify the stay in accordance with the evidence.

ORDER

Pursuant to the foregoing, I therefore ORDER the Trustee, if he has not already done so, to meet with the listing agent for this property immediately and determine whether further reduction in the asking price is necessary in order to attempt to sell it within a short to medium time horizon.

In light of post-petition interest accruals which have increased the debt to approximately $600,000.00 as of today, I FURTHER ORDER that the Trustee out of any available estate funds or as a result of contributions made by the Debtor or Debtor's principal

9

commence maintaining the monthly interest accrued on this loan of $3,574.50 commencing October 1, 2009. If the debt service payment does not commence on October 1, 2009, or this Court has not approved a contract for the sale of the real estate by that date, then SunTrust is permitted to file an affidavit of that fact which if not contradicted factually within a period of ten (10) days will result in an order of this Court granting immediate relief from the automatic stay.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 21st day of July, 2009.

AO 72A
(Rev. 8/82)

10